(8 Misc. Rep. 284.)

## In re POOL.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

EVIDENCE—ADMISSIONS—EFFECT OF WRITTEN STATEMENT.

A statement by an assignee for benefit of creditors, in a letter to the assignor, that he still has in his possession certain property pledged to him by the assignor, is conclusive against him on his accounting, though he testifies that the statement in the letter was not true.

Appeal from special term.

Accounting of Joseph Pool as assignee for benefit of creditors of Hiram Pool. From a decree confirming the report of referee the assignee appeals. Affirmed.

The opinion of Chief Judge DALY at special term is as follows:

The matters upon which I reserved my decision were: (1) As to the sum of $3,028.50, derived by the assignee from the Ford account, which he claims as his own property, but with which he has been charged by the referee as part of the assigned estate. (2) As to the sum of $4,197.25, the value of three bonds of the Columbus, Hocking Valley & Toledo Railroad, of the par value of $3,000, and the coupons thereof and interest; which bonds the referee finds that the assignee had in his possession at the time of the assignment as the property of the assignor, and for which he has failed to account. (3) The sum of $3,167.95, the value of two bonds of the Mutual Union Telegraph Company, with coupons and interest, with which the referee has charged the assignee for the same reasons. (4) The sum of $3,000, which the referee has

disallowed on the ground that it was an advance of money to the assignor personally, and not a payment to his wife, Clara L. Pool, a preferred creditor.

As to the Ford account: Just prior to the assignment the assignor had an account with one Ford, his broker, in an operation in Erie second bonds. Ford held as collateral to the account certain bonds and $1,285 in cash. Two days before the assignment the assignor transferred this account to the assignee. Was this transfer a gift, as the assignee claims? At the time of the transfer there was a profit in the account, which the assignor could have realized if it were closed out then. When it was subsequently closed out, there was realized from it over $3,000, which the assignor took and kept, and now claims belongs to him. There is the testimony of the two brothers, the assignor and the assignee, as to the object of the transfer; and if it were merely oath against oath I should not think the referee justified in charging the assignee with this money. But the testimony of the assignor is supported, in the first place, by the probability of the case, for he was certainly not in a position at the time to make a gift of any assets upon which he could expect to realize then or thereafter, and, in the next place, the testimony of the assignee is inconsistent and unreliable. At one time he denies recollection of the transfer of the account, at another time claims that he had turned the surplus over to his brother, at another time that he had credited him with the amount, and finally claims another absolute transfer. Under these circumstances it is not surprising that the referee has charged him with the whole profit which it is undisputed he received upon this account, and for which he paid no consideration to his brother.

As to the Hocking Valley bonds and the Mutual Union bonds: At the time of the assignment the assignee had in his hands seven Hocking Valley bonds and two Mutual Union bonds belonging to the assignor. This is established by two letters of the assignee, bearing date, respectively, July 17 and September 26, 1885 (the assignment was made July 22, 1885). There is no dispute that in June, 1885, the assignee had received these bonds from his brother as collateral. His contention is that he had returned them before the assignment. There is no documentary evidence that such was the case. On the contrary, the letter of September 26th, after the assignment, states that they were still in his possession. It says: "You will understand that the bonds referred to in my letter as returned to you I still have, you not having called or received them; and, in view of the notes of Harvey being part of the Wallace collateral,—a fact which I did not know at the time I received them,—I will hold the bonds, and, after paying my debt, will turn over the residue to the estate, or such persons as may be the owner or owners." The assignee meets this evidence contained in his own letters by simply affirming that the statement therein contained was not true. The object of the writing according to his own statement was to mislead the creditors, and to manufacture evidence for that purpose. With such an avowal, how can it be expected that his testimony that he returned the bonds can be believed? The evidence of the return of the bonds rests upon his unsupported oath, and, had the referee found in his favor upon that issue, we should have been compelled to reverse his judgment. Kehr v. Stauf, 12 Daly, 115; Molloy v. Railroad Co., 10 Daly, 453; Boyd v. Colt, 20 How. Pr. 384. While alleged verbal admissions of a party are regarded as the weakest kind of evidence, his admitted written declarations make evidence of the strongest kind, and such writings, unexplained, are conclusive against him. It is true that the assignee offers an explanation of this letter, but such explanation only shakes his credibility still more, for it shows him engaged in deliberately concocting false evidence upon the very point in issue; not for the purpose of this trial, it is true, but for the purpose of misleading the creditors of the estate. The referee should not do otherwise than charge the value of the bonds against the assignee. It was proper to charge the highest value up to the time of the trial, for there is no evidence that he had disposed of the bonds, and therefore was still presumed to have them in his possession.

As to the three thousand dollars claimed to have been paid on account of the preferred debt of Clara L. Pool: These moneys were paid to the assignor personally from time to time. No receipts were given, and there is no documentary evidence to show that they were paid or received on account of Mrs.

Pool's debt. Payments on her preferred debt are evidenced by checks to her order, and the absence of this formality is strongly against the assignee's claim. It is undisputed that her husband was her agent generally, but there is no evidence that the moneys he received were turned over to her, or applied in any way upon her account. It is not unreasonable to expect that, if these payments were intended by the assignee as a charge against Mrs. Pool, vouchers to that effect would have been exacted.

None of the objections to the account require that the report should be referr·'l back. Before affirming it, however, and signing as the final decree, I shall require consents of the creditors Miller and McClellan that they have had notice of this proceeding, and consent to the entry of the decree, as the citation does not appear to have been properly served upon them. With respect to the motion by the assignee for allowance of counsel fee, it seems to me that the expenses of a litigation over these accounts in which he has been unsuccessful with regard to every material issue should not be charged against the estate. In an ordinary action in equity neither costs nor counsel fee would be awarded to the unsuccessful party, and the assignee stands in that position. I shall allow costs and a counsel fee of $250 for the ordinary work of the accounting, apart from the expenses entailed in trying the issues which have been disposed of adversely to the assignee. After the formal proofs required as above, the report will be confirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James W. Hawes, for appellant.

Alfred Taylor, for respondents.

PER CURIAM. After a critical examination of the evidence in the record and the voluminous briefs of counsel, we are satisfied, upon the argument of the learned chief judge, with the disposition of the case at special term, and we are content, on his opinion, to affirm the judgment. Judgment affirmed, with costs.